ROCKETT, Appellant,

v.

NEWARK BUILDERS SUPPLY, INC. et al., Appellees.

[Cite as *Rockett v. Newark Builders Supply, Inc.*,
169 Ohio App.3d 379, 2006-Ohio-5715.]

Court of Appeals of Ohio,
Fifth District, Licking County.

No. 05CA132.

Decided Oct. 30, 2006.

Kenneth S. Blumenthal, for appellant.

Timothy J. Fitzgerald, John T. Murphy, Elena N. Lougovskaia, and David A. Herd, for appellees.

---

FARMER, Judge.

{¶ 1} Appellee John Wilson owns appellee Arrow Home Services, L.L.C. Appellees were constructing a residential home and hired appellee Newark Builders Supply, Inc., a subcontractor, to perform drywall work. Newark in turn hired independent contractors Jonathon Rockett and Jayson Hastings to sand the drywall. On October 22, 2003, Mr. Rockett, while sanding a wall near a drop-off, fell to the basement floor and subsequently died.

{¶ 2} On April 16, 2004, appellant, Jeffrey Rockett, Mr. Rockett's father, filed a complaint, individually and as the administrator of his son's estate, against appellees, claiming negligence, the Ohio frequenter statutes, R.C. 4101.11 and 4101.12, and wrongful death.

{¶ 3} Appellees filed motions for summary judgment. By judgment entry filed November 21, 2005, the trial court granted the motions in favor of appellees, finding that they did not owe a duty of care to provide for the safety of Mr. Rockett.

{¶ 4} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:

## I

{¶ 5} "The trial court committed reversible error by granting defendants/appellees John Wilson and Arrow Homes Services, LLC's motion for summary judgment on all of plaintiff/appellant Rockett's claims."

## II

{¶ 6} "The trial court committed reversible error by granting defendant/appellee Newark Builders Supply, Inc.'s motion for summary judgment on all of plaintiff/appellant Rockett's claims."

## I, II

{¶ 7} Appellant's two assignments of error challenge the trial court's decision granting summary judgment to appellees.

{¶ 8} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56, which was reaffirmed by the Supreme Court of Ohio in *State ex rel. Zimmerman v. Tompkins* (1996), 75 Ohio St.3d 447, 448, 663 N.E.2d 639:

{¶ 9} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex. rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377, 1379, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."

{¶ 10} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. *Smiddy v. Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 30 OBR 78, 506 N.E.2d 212.

{¶ 11} Appellant argues that there are genuine issues of material fact as to whether the removal of scaffolding and a guardrail by Arrow and/or Newark constituted "active participation," thereby creating a duty of care. Further, appellant argues that the erection of the scaffolding and the guardrail by Arrow and/or Newark created an assumed duty to protect appellant. In arguing "active participation," appellant cites *Hirschbach v. Cincinnati Gas & Elec. Co.* (1983), 6 Ohio St.3d 206, 6 OBR 259, 452 N.E.2d 326, syllabus, wherein the Supreme Court of Ohio held the following:

{¶ 12} "One who engages the services of an independent contractor, and who actually participates in the job operation performed by such contractor and thereby fails to eliminate a hazard which he, in the exercise of ordinary care, could have eliminated, can be held responsible for the injury or death of an employee of the independent contractor."

{¶ 13} The "active participation" doctrine has been defined and redefined by the Supreme Court of Ohio. Before liability can attach, it is necessary to determine the existence of a duty. In the seminal case of *Cafferkey v. Turner Constr. Co.* (1986), 21 Ohio St.3d 110, 21 OBR 416, 488 N.E.2d 189, the Supreme Court of Ohio sought to define the duty of a general contractor to independent contractors on a job site. In discussing the "inherent risk" theory of *Hirschbach*, supra, *Cafferkey* at 112, 21 OBR 416, 488 N.E.2d 189, emphasized that the duty to eliminate an inherent risk arises only if there is active participation by the general contractor. The *Cafferkey* court set forth the following rule at syllabus: "A general contractor who has not actively participated in the subcontractor's work, does not, merely by virtue of its supervisory capacity, owe a duty of care to employees of the subcontractor who are injured while engaged in inherently dangerous work." As to the facts, the *Cafferkey* court held that mere knowledge

of activities does not give rise to active participation. Id. at 112, 21 OBR 416, 488 N.E.2d 189.

{¶ 14} Nearly a decade later, the Supreme Court of Ohio again addressed the "active participation" rule in *Bond v. Howard Corp.* (1995), 72 Ohio St.3d 332, 650 N.E.2d 416. The *Bond* court held the following at syllabus:

{¶ 15} "For purposes of establishing liability to the injured employee of an independent subcontractor, 'actively participated' means that the general contractor directed the activity which resulted in the injury and/or gave or denied permission for the critical acts that led to the employee's injury, rather than merely exercising a general supervisory role over the project. (*Cafferkey v. Turner Constr. Co.* [1986], 21 Ohio St.3d 110, 21 OBR 416, 488 N.E.2d 189, construed and applied.)"

{¶ 16} The *Bond* court rejected as active participation the general contractor's supervisory capacity regarding compliance with safety laws and regulations. Id. at 334, 650 N.E.2d 416.

{¶ 17} Therefore, it is our duty under our scope of review to determine whether the facts sub judice rise to "active participation" by appellees. As stated previously, under a summary judgment review, the facts must be construed in a light most favorable to the nonmoving party, i.e., appellant.

{¶ 18} Pursuant to this standard, it is presumed that Arrow installed the guardrail and, by inference, that Arrow removed the scaffolding prior to the incident. It is also presumed that Newark removed the guardrail erected by Arrow, but installed the scaffolding for the drywall work. It is undisputed that Arrow was off the job and not present the day of the incident. It is also undisputed that Arrow was the general contractor who hired Newark, a subcontractor, to do the drywall work on the house. Newark hired independent contractors Mr. Rockett and Mr. Hastings to sand the drywall. No Arrow or Newark employees were at the job site the day of the incident.

{¶ 19} It is appellant's position that Arrow, by removing the scaffolding and installing the guardrail, and Newark, by removing the guardrail and installing the scaffolding, exercised control over a critical variable and therefore created "active participation" in the acts of Mr. Rockett and Mr. Hastings.

{¶ 20} In our review, the Supreme Court of Ohio's decisions do not favor such an analysis of "active participation." There is no evidence that Arrow directed any of the activity of Mr. Rockett and Mr. Hastings or that it gave or denied permission for critical acts that led to the injury. In particular, the assumption of enforcing safety rules and regulations does not give rise to "active participation." *Bond,* 72 Ohio St.3d at 334, 650 N.E.2d 416.

{¶ 21} Appellant argues that under the holding of *Sopkovich v. Ohio Edison Co.* (1998), 81 Ohio St.3d 628, 693 N.E.2d 233, the Supreme Court of Ohio extended the active-participation doctrine. Although the *Sopkovich* court did address active participation, it limited it strictly to the owner of the property, Ohio Edison, and its exclusive control and communication over deactivation of electrical lines. Id. at 643, 693 N.E.2d 233. Therefore, we find that the holding of *Sopkovich* does not expand on the active-participation doctrine as applied to a general contractor who did not have exclusive control over the subcontractor and/or independent contractors.

{¶ 22} We specifically find that the removal of the guardrail and installation of the scaffolding by Newark and the removal of the scaffolding and the installation of the guardrail by Arrow prior to the entrance of Mr. Rockett and Mr. Hastings on the job site, as well as the absence of appellees on the job site on the day of the incident, do not equate to active participation.

{¶ 23} Therefore, under the facts cited and argued as true by appellant, we find that the trial court was correct in granting summary judgment to appellees, because appellant failed to establish a duty owed by appellees.

{¶ 24} Assignments of Error I and II are denied.

{¶ 25} The judgment of the Court of Common Pleas of Licking County, Ohio is hereby affirmed.

Judgment affirmed.

EDWARDS, J., concurs.

HOFFMAN, P.J., dissents.

HOFFMAN, Presiding Judge, dissenting.

{¶ 26} I respectfully dissent from the majority opinion. Specifically, I disagree with the majority's limitation of *Sopkovich v. Ohio Edison Co.* (1998), 81 Ohio St.3d 628, 693 N.E.2d 233, to the owner of the property upon which the incident occurred. I find that the holding of *Sopkovich* should be equally applied to a general or subcontractor who has exercised authority or control over the premises.

{¶ 27} In the instant action, I find that reasonable minds could come to differing conclusions as to whether the guard rails and scaffolding are "critical variables" in the workplace. I also find that reasonable minds could come to differing conclusions as to whether appellees in this case retained or exercised control over those variables. Accordingly, I would reverse the decision of the trial court and remand the matter for jury trial.